DEPARTMENT OF SECURITIES — ADMINISTRATIVE ORDERS All official acts taken by the Deputy Administrator of the Oklahoma Department of Securities within the scope of his authority during the time the Deputy Administrator was a de facto officer of the State by reason of his appointment to said position prior to his 30th birthdate as required by 71 O.S. 10 [71-10] (1971), are valid as to third persons and the public. The Attorney General has considered your request for opinion on the following question: "Are administrative Orders and other administrative functions which are signed, effected, transacted, and undertaken by the Deputy Administrator of the Oklahoma Department of Securities under the authority granted him by the Oklahoma Securities Act, valid and binding Orders and actions, even if the Deputy Administrator, while engaging in the aforementioned activities, is under 30 years of age?" You relate in your letter that you were appointed Deputy Administrator of the Oklahoma Department of Securities prior to your 30th birthday. Qualifications for the position of Administrator of the Department of Securities are established by provisions of 71 O.S. 9 [71-9] (1971). One requirement therein prescribed is that the Administrator be at least 30 years of age. Title 71 O.S. 10 [71-10] (1971) provides for the designation of a Deputy Administrator by the Administrator, with the approval of the Securities Commission, and establishes the same qualifications for the position of Deputy Administrator as for that of Administrator. A State officer de facto has been defined as one in possession of his office and discharging its functions under color of authority or title derived from irregular, informal, or defective appointment or election. 81 C.J.S. States, 100. It is apparent from the facts you relate that your appointment as Deputy Administrator was defective and therefore invalid to constitute an appointment as a de jure officer for the reason that a particular statutory requirement to qualify for the position was not met. It is also apparent, however, that you would come within the definition of a de facto officer above-cited. The general rule is that acts of a state officer de facto are as valid as those of an officer de jure insofar as they concern the general public and rights of third persons until his title to office is adjudged insufficient, and such officer's authority may not be collaterally attacked or inquired into by third persons affected. The practical effect of the rule is that there is no difference between the acts of de facto and de jure officers so far as the public and third persons are concerned. 63 Am.Jur.2d Public Officers and Employees, 518. The de facto doctrine evolved from a necessity to protect the interests of the public and individuals involved in the official acts of persons exercising the duty of an officer without actually being one in strict point of law. The doctrine rests upon the principle of protection of the public and third persons and not to protect or vindicate the act or rights of the particular de facto officer or the claims or rights of rival claimants to the particular office. The landmark case in Oklahoma endorsing the general rule as to validity of official acts of a de facto officer is Morford v. Territory, Okl., 63 P. 958 (1901). In Morford it was contended that a legal action should be reversed for the reason that the trial was presided over by a probate judge who was not a lawyer nor ever licensed to practice law as was required by statute. The Supreme Court stated that notwithstanding the fact that the probate judge was not a licensed attorney at the time he was elected, there was no question that at the time the cause was tried, he was a de facto probate judge of the county and had full power and authority to try said cause. The Court held that the acts of a de facto officer are as valid and effective, when they concern the public or rights of third persons, as though they were officers de jure. Where an office exists under the law, and a person is elected to fill such office, and duly qualifies and enters upon the discharge of his official duties, he is a de facto officer, and his acts are valid, notwithstanding the fact that he may not possess all the requisite qualifications as prescribed by the statute to fill such office. The Oklahoma Court most recently reaffirmed the position taken in Morford, supra, regarding the validity of the acts of a de facto officer in Ajax Contractors, Inc. v. Myatt, 424 P.2d 30. In Ajax the Court stated: "An ' officer de facto ' is one whose acts, though not those of a lawful officer, the law upon principles of policy and justice, will hold valid so far as they involve the interest of the public and third persons, where the functions of the office are exercised by one who is in the actual possession of it under color of title." It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. All official acts taken by the Deputy Administrator of the Oklahoma Department of Securities within the scope of his authority during the time the Deputy Administrator was a de facto officer of the State by reason of his appointment to said position prior to his 30th birthdate as required by 71 O.S. 10 [71-10] (1971), are valid as to third persons and the public. (William Don Kiser)